**UNITED STATES DISTRICT COURT**

**DISTRICT OF KANSAS**

| | | |
|---|---|---|
| **JEREMY HOOD** | * | |
| | * | |
| **Plaintiff,** | * | **CIVIL ACTION NO.** |
| | * | **SECTION " "** |
| **VERSUS** | * | |
| | * | **JUDGE:** |
| **UNION PACIFIC RAILROAD COMPANY** | * | **MAGISTRATE:** |
| | * | |
| **Defendant.** | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**COMPLAINT FOR DAMAGES**

NOW INTO COURT, through undersigned counsel, comes Plaintiff Jeremy Hood, a person of the full age of majority and a resident of the County Pettis, State of Missouri, and for his Complaint for Damages, respectfully represents:

**I.**

Made Defendant herein is: Union Pacific Railroad Company (hereinafter referred to as "Union Pacific"), a corporation duly organized and existing under the laws of the State of Delaware and authorized to do and doing business in the State of Kansas, coterminous with the District of Kansas.

**II.**

This is an action arising under the provisions of the Federal Employers' Liability Act, 45 U.S.C. Sec. 51, *et seq*. ("the FELA"), to recover damages for personal injuries sustained by Plaintiff while employed by Defendant Union Pacific and while engaged in interstate commerce.

**III.**

Jurisdiction over this matter by this Honorable Court is conferred by 28 U.S.C. 1331 and/or 28 U.S.C. 1337.

1

## IV.

At all times material hereto, Plaintiff is and/or has been an employee of Defendant Union Pacific and/or its predecessor corporations, and the injuries and damages sustained by Plaintiff, as hereinafter set forth and for which Defendant is liable, were sustained by Plaintiff while engaged in the course of his employment duties and in furtherance of interstate commerce and directly or closely and substantially affecting such commerce.

## V.

Defendant Union Pacific is, and was at all times mentioned herein, a common carrier by railroad; owning, operating, and maintaining in interstate commerce, a railway system, involving railroad tracks and facilities located throughout the State of Kansas and within the District of Kansas.

## VI.

On or about July 29, 2018, Plaintiff was in the usual and customary performance of his duties as a Machine Operator, assigned to a surfacing gang as a ballast plow operator, working on track near Liberal, Kansas.

## VII.

The ballast plow is a large piece of equipment which has an integral turntable that can be lowered in order to allow for the operator to manually reorient the plow. On said date, Plaintiff arrived at the location where the crew was to begin work for the day, and found the ballast plow facing the wrong direction. As Plaintiff attempted to manually turn the plow to face the proper direction, suddenly and without warning, the ballast plow seized and failed to move as normal, and the unexpected resistance threw Plaintiff violently to the ground.

**VIII.**

The violent impact caused injuries to Plaintiff's upper right arm and shoulder, *inter alia.*

**IX.**

Plaintiff's injuries were caused, in whole or in part, by the negligence of Defendant Union Pacific, its agents, servants, or employees acting in the course and scope of their employment. Plaintiff's accident, injuries, and damages, as herein-described, resulted from breaches of the duties owed by Defendant Union Pacific to Plaintiff under the FELA, in the following non-exclusive particulars:

    a.    Union Pacific, in violation of its non-delegable duty under the FELA, failed to use reasonable care to provide Plaintiff with a reasonably safe place in which to work;

    b.    Union Pacific, in violation of its non-delegable duty under the FELA, failed to provide safe working conditions (properly maintained equipment) where Plaintiff, a Machine Operator, was performing his duties in the manner required by Defendant;

    c.    Union Pacific, in violation of its non-delegable duty under the FELA, failed to provide Plaintiff with proper tools and assistance with which to perform safely his job as a Machine Operator;

    d.    Union Pacific, in violation of its non-delegable duty under the FELA, failed to warn Plaintiff of unsafe workplace conditions of which it knew, or in the exercise of reasonable care, should have known;

    e.    Union Pacific, in violation of its non-delegable duty under the FELA, failed to follow its own policies, procedures, safety rules, and operating rules;

    f.    Union Pacific, in violation of its non-delegable duty under the FELA, failed to

        exercise reasonably safe methods for its employees to perform their assigned work when it knew or should have known of unsafe working conditions, and that such conditions were reasonably likely to cause substantial harm to its employees;

g. Union Pacific, in violation of its non-delegable duty under the FELA, failed to provide reasonably adequate assistance and manpower for its employees to perform their assigned work when it knew or should have known of such unsafe working conditions;

h. Union Pacific, in violation of its non-delegable duty under the FELA, failed to properly inspect, maintain, and service its ballast plow, particularly the turntable which was defective as the turntable did not function as designed;

i. Union Pacific, in violation of its non-delegable duty under the FELA, failed to allow or instruct Plaintiff to move the ballast plow to a more suitable and safer location, i.e., a road crossing, in which to safely turn the machine;

j. Union Pacific, in violation of its non-delegable duty under the FELA, failed to use reasonable care by requiring Plaintiff to work in unsafe working conditions;

k. Union Pacific, in violation of its non-delegable duty under the FELA, failed to employ and require safe working practices;

l. Union Pacific, in violation of its non-delegable duty under the FELA, failed to provide Plaintiff with a safer alternative method to perform his job duties; and

m. Union Pacific, in violation of its non-delegable duty under the FELA, failed to exercise due care and caution commensurate with the surrounding circumstances.

**X.**

The aforelisted acts of negligence were committed by employees, agents, and/or representatives of Defendant Union Pacific, while acting in the course and scope of their employment, thereby rendering Defendant Union Pacific vicariously liable under the theory of *respondeat superior.*

## XI.

Plaintiff Jeremy Hood avers that he is free from fault, and he did not contribute in any manner whatsoever to the occurrence of this accident.

## XII.

As a result of the negligence of Defendant Union Pacific, Plaintiff suffered severe and debilitating injuries and related physical limitations and restrictions to his upper right arm and shoulder, *inter alia*, for which he has undergone substantial medical evaluation and treatment, including surgery.

## XIII.

As a result of the accident and related injuries of July 29, 2018, Plaintiff has experienced and endured pain and may, for an indefinite period of time into the future, experience and endure pain, suffering, inconvenience, irritation, annoyance, limits, restrictions, and impairments of his body; has endured and may, for an indefinite period of time into the future, endure mental pain and anguish; has incurred and will incur medical expenses associated with the evaluation and treatment of the injuries to his upper right arm and shoulder; has been placed at risk for further injury; has suffered the loss and/or impairment of the ability to engage in his usual activities and occupation; has suffered the loss of the ability to acquire gainful employment in other various occupations for which he was previously qualified and physically able to perform; has suffered the loss and/or impairment of his earnings and earning capacity; has suffered the loss and/or

impairment of his general health, strength, and vitality; and has suffered the loss and/or impairment of the ability to enjoy the various pleasures of life.

## XIV.

Plaintiff demands all damages reasonable in the premises for the following:

a. Physical pain and suffering, past and future;

b. Mental anguish, past and future;

c. Permanent impairment and limitation;

d. Loss of enjoyment of life's pleasures, past and future;

e. Past lost wages;

f. Future loss of earning capacity and fringe benefits;

g. Scarring;

h. Unpaid medical bills; and

i. Future medical expenses.

## DEMAND FOR JURY TRIAL AND RIGHT TO AMEND

Plaintiff demands a trial by jury on all causes of action.

Plaintiff specifically reserves the right to amend this Complaint.

## REQUEST FOR PLACE OF TRIAL

Pursuant to District Court of Kansas Rule 40.2, Plaintiff requests Kansas City, Kansas as the place of trial.

**WHEREFORE**, Plaintiff Jeremy Hood prays that Defendant Union Pacific Railroad Company be duly cited and served with a copy of this Complaint and be made to appear and answer same, and after due proceedings had, there be judgment rendered herein in favor of

Plaintiff Jeremy Hood and against Defendant Union Pacific Railroad Company, for all damages reasonable in the premises, together with legal interest thereon from date of judgment, until paid, and for all costs of these proceedings.

Respectfully submitted,

**SHAFFER LOMBARDO SHURIN, PC**

*/s/ Richard F. Lombardo*
Richard F. Lombardo  #22326
Michael F. Barzee      #27217
2001 Wyandotte Street,
Kansas City, MO 64108
Telephone:  816-931-0500
Facsimile:  816-931-5775
rlombardo@sls-law.com
mbarzee@sls-law.com

**And**

**ROME, ARATA, BAXLEY & STELLY, L.L.C.**

BLAKE G. ARATA, JR., Esq.
C. PERRIN ROME, III, Esq.
JASON C. MACFETTERS, Esq.
650 Poydras Street, Suite 2017
New Orleans, Louisiana 70130
Telephone: (504) 522-9980
Facsimile: (504) 522-9971
barata@romearata.com
jmacfetters@romearata.com
*Attorneys for Plaintiff Jeremy Hood*

**PLEASE SERVE:**
Union Pacific Railroad Corporation
through its agent for the service of process
The Corporation Company, Inc.
112 SW 7th Street, Suite 3C
Topeka, Kansas 66603